The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
You have requested an Attorney General opinion concerning the purchase of retirement credits by members of the General Assembly.
You have asked:
 According to A.C.A. § 24-4-301(a)(2)(C)(ii), may a member of the General Assembly who has elected to be a regular member of APERS purchase credits for military time served, and therefore count that time as "other service" under the Arkansas retirement plan, and thereby qualify for an APERS benefit with at least five years but less than ten years of credited service?
RESPONSE
Summary of Opinion
It is not entirely clear whether the General Assembly member you have described already has the five years of actual service that are required for a regular member to be eligible for benefits and simply intends to purchase the military credit in order to obtain "other service," as required by A.C.A. § 24-4-301(a)(2)(C)(ii), or whether this General Assembly member intends to purchase the military credit in order to achieve the basic five years of service that are required for regular members to be eligible for benefits. If the General Assembly member does not already have five years of actual service under the retirement system, he or she cannot purchase military credit. However, if the General Assembly member already has five years of service and that service was in some capacity other than for the General Assembly, he/she need not purchase military credit in order to be eligible for benefits as a regular member of the system. If the General Assembly member has five years of previous service and that service was in the General Assembly, he/she can purchase military credit, but that military credit should not, in my opinion, be deemed "other service" for purposes of A.C.A. §24-4-301(a)(2)(C)(ii). Such an individual must still accumulate ten years of service in order to be eligible for benefits.
Discussion
A.C.A. § 24-2-502 governs the purchase of credit in state-supported retirement systems for time spent (up to five years) in military service. That statute states in pertinent part:
 (a) Any person who is or was a member of a state-supported retirement system in this state and who was not receiving benefits under the system on July 9, 1975, shall be entitled to purchase credited service in the system for a period not to exceed five (5) years for service rendered by the member in the armed forces of the United States prior to the member's employment in a position covered by a state-supported retirement system, but only if the person:
 (1) Has five (5) years of actual service with the retirement system;
(2) Received an honorable discharge from the armed forces;
 (3) Is not receiving federal military service retirement pay based upon nineteen (19) or more years of active duty, but disability federal retirement pay shall not disqualify a member from purchasing credit; and
 (4)(A) For the first three (3) years of credited service, contributes to the members' deposit account a sum of money equal to the amount he would have contributed to the account had he been a member during his term of military service. This amount shall be based upon his monthly contributions at the time he first became a member of the retirement system and interest thereon at the rate of six percent (6%), together with an amount equal to the employer's matching contribution and interest thereon at the rate of six percent (6%), which interest shall commence January 1, 1976, or six (6) months after eligibility, whichever is later; and
 (B) For the fourth and fifth year of credited service, contributes to the members' deposit account a sum of money equal to the amount he would have contributed to the account had he been a member during his term of military service. This amount shall be based upon:
 (i) His salary at the time he first became a member of the retirement system;
 (ii) The employer's contribution in effect at the time he first became eligible to purchase the military service; and
 (iii) Interest thereon on both the employee's and employer's contributions at the rate of six percent (6%), which interest shall commence January 1, 1976, or six (6) months after eligibility, whichever is later.
A.C.A. § 24-2-502(a) (emphasis added).
Thus, if the General Assembly member already has five years of actual service under the retirement system, he/she can purchase credit for the time of military service (up to five years). As indicated previously, however, it would be unnecessary for a General Assembly member who already has five years of actual service to purchase military credit in order to be eligible for benefits as a regular member of the system, if
that previous service was in a capacity other than for the General Assembly.
Under the provisions of A.C.A. § 24-4-301(a)(2)(C)(ii), a General Assembly member who was first elected before July 1, 1999 can elect to be covered as a regular member (and thus be eligible for benefits after five years of service, see A.C.A. § 24-3-201) if he or she has credited service in the system other than as a General Assembly member. The provision in question states:
 (ii) A person who was first elected as a member of the General Assembly before July 1, 1999, may elect to have his or her employment covered as a regular state employee member in lieu of coverage under special provisions relating to General Assembly members or to elected officials. However, if the member's only service under an Arkansas retirement plan is service as a member of the General Assembly, then the member must have ten (10) or more years of credited service to be eligible for benefits. The member may make the election at any time.
A.C.A. § 24-4-301(a)(2)(C)(ii) (emphasis added).
The remaining question, therefore, is whether a General Assembly member who has five years of previous service with the General Assembly can purchase military credit and deem it to be "other service" for purposes of meeting the requirements of A.C.A. § 24-4-301(a)(2)(C)(ii). The statute does not explicitly address this question, nor have the courts interpreted it. In the absence of such legislative or judicial guidance, I find that the statute can reasonably be interpreted to require that the other service be actual service in a capacity other than for the General Assembly. In my opinion, the purchased military credit would not constitute such actual other service. If service in the General Assembly is what entitles the individual to purchase the military credit, and if the individual would not be entitled to purchase that credit but for the service in the General Assembly, it would stretch credulity to engage in the fiction that the time of military service was service under a retirement system other than for the General Assembly. The only reason the individual in that situation can be deemed to be covered under the retirement system for the period of military service is because of his/her service for the General Assembly. This credited service, in my opinion, is therefore not service other than for the General Assembly. For this reason, I must interpret A.C.A. § 24-4-301(a)(2)(C)(ii) not to allow purchased military credit to be deemed other service for purposes of avoiding the ten-year eligibility requirement.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh